HANNAH LINDEN, RESPONDENT, *v.* DOROTHEA DOETSCH, APPELLANT.

*Pleading — what allegations a complaint must contain in an action to admeasure dower — Code of Civil Procedure, secs. 1647–1649.*

Where the complaint, in an action brought to have the dower of the defendant, a widow, admeasured and set off to her, admits the defendant's right to dower, it is not necessary that it should allege that the defendant claims to have such right in the property.

Such an allegation is only requisite in those cases in which the plaintiff denies the right of the defendant to dower, and demands a judgment forever barring her from claiming the same.

APPEAL by the defendant from an interlocutory judgment, entered upon the decision of the Erie Special Term, overruling a demurrer interposed to the complaint herein.

*E. L. Parker*, for the appellant.

*A. C. Calkins*, for the respondent.

BRADLEY, J.:

The complaint does not state facts sufficient to constitute a cause of action in ejectment, but it does allege that the defendant was the

wife of Peter Koester up to the time of his death, that he died in 1872, seized of certain lands described, in which the defendant then became and was entitled to dower, and that the plaintiff is seized in fee of the premises, subject to such right of dower of the defendant, and amongst other things the relief asked for is that the dower of the defendant be admeasured and set off to her, and that the plaintiff have possession of the residue.

The contention of the defendant's counsel is founded upon the grounds of the demurrer, that the complaint does not state facts sufficient to constitute a cause of action, and that causes of action are improperly united. In pleading, every fact affirmative and negative, requisite to the cause of action, must be alleged, else it cannot be supported against a demurrer going to its sufficiency, and no inferences not fairly within the averments will be taken to sustain it. And while proof of title will *prima facie* take with it the right of possession, the allegation of title in a complaint, without that also of the right to the possession of premises, is not sufficient to support it as a complaint in ejectment, and for that reason, at least, the pleading here fails to state facts sufficient to constitute that cause of action. And it is contended that because it does not allege that the defendant claims to have a right of dower in the premises the complaint does not contain allegations sufficient to support an action for admeasurement of dower. And this contention is founded upon the statute which provides that " a person claiming as owner an estate   *   *   *   in real property may maintain an action against a woman who claims to have a right of dower in   *   *   * the property, to compel the determination of her claim." (Code Civil Pro., § 1647.) It will be observed that this section of the statute has relation to an action to determine the right to dower of a woman claiming it; and the purpose of an action within it may be to bring into controversy the question whether a right of dower is in the person who is alleged to have made a claim, or is the claimant to that effect. And " where the plaintiff insists in his complaint that the defendant has not a right of dower in the property, he must demand judgment that she be forever barred from such a claim." (Id., § 1649.) That is not the purpose of this action. The plaintiff admits and alleges that the defendant has a right of dower, and the relief asked is that it be admeasured. This gives application

to section 1648, which provides that "if the complaint admits the defendant's right of dower in the property * * * it must demand judgment that her dower be admeasured."

These three sections embrace the system for remedy in behalf of the owner of property to determine the claim of dower made when it is questioned, and for its admeasurement when it is admitted (which is as far as the provisions of those sections are applicable to the question here), and are a substitute for the provisions of the Revised Statutes for admeasurement of dower on the application of owners and extend the remedy much further. (2 R. S., 489, § 6.) Where the right of dower is admitted by the complaint, and the only purpose of the action is its admeasurement, the matter of claim, as such, by the defendant, as distinguished from the right to it, has no importance. The remedy and relief in such case are dependent upon the right of the defendant, and not upon her assertion of claim, which, as such, is not applicable to the action for mere admeasurement of an admitted right of dower. And the fact that no such claim is made does not defeat the remedy of the owner to have the admeasurement, if the right, which is the basis of the relief, is admitted.

The admission in the complaint of her right of dower is, in legal import and effect, that the defendant claims that estate in the premises. If this were an action to compel the determination of a claim made by the defendant of dower in the land, in the sense imported by the term which is the main purpose of that article fifth of the Code, the right to maintain it would depend upon a claim, having been in fact in some manner made by the defendant. The purpose of the action in such case is not only to ascertain the extent of the estate claimed, but whether such claim can be supported. And there the necessity of an allegation that a claim is made, is a requisite fact to be alleged in the complaint. All the facts necessary to support an action for admeasurement merely of an admitted right of dower, are alleged in the complaint. It follows that the objection that the complaint does not state facts sufficient to constitute a cause of action, is not well taken by the demurrer.

The other matters not necessary to the action are surplusage and might have been stricken out on motion. They constitute no ground for demurrer, unless they may be construed to allege another cause

of action, and the two are not properly unitable in the same complaint. The test called for by the objection of misjoinder of causes of action is as broad as the objection itself, to support which the pleading must be susceptible of such construction as to give to it two causes of action not in harmony within the statute.

The complaint cannot be so construed as to contain the allegations requisite for a cause of action in ejectment, or any action other than that for the admeasurement of dower, and, therefore, is not within the objection of misjoinder of causes of action taken by the demurrer.

The remedy of the defendant, to reduce the complaint to the allegations legitimate to the cause of action alleged, is to trim it down by means of a motion to strike out the unnecessary matter, or to make it more definite and certain.

The judgment should be affirmed, with leave to the defendant to withdraw the demurrer and answer over within twenty days on payment of costs.

HAIGHT and CORLETT, JJ., concurred.

Judgment affirmed with costs, with leave to defendant to withdraw demurrer and answer over in twenty days, on payment of the costs of the demurrer and of this appeal.